STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss                                     CIVIL ACTION
                                                  DOCKET NO. CV-09-68


HUNTER TRACY,                   )
                                )
        Plaintiff               )
                                )
        vs.                     )              DECISION ON MOTION
                                )              FOR SUMMARY JUDGMENT
THE ZONE CORPORATION,           )
                                )
        Defendant               )

        This matter came on for hearing on the Defendant's motion for summary
judgment based on preclusion by the statute of limitations and a lack of
evidence to prove employment discrimination as a matter of law. The motion
will be denied.

        The Defendant's first argument is based on the fact that most of the
various events which form the basis for the Plaintiff's gender discrimination
claim occurred more than two years prior to filing of his complaint on March 17,
2009, and therefore would fall outside of the applicable two year statute of
limitations. In fact, it appears that the only incident, which occurred within the
period, was the Plaintiff's termination on March 22, 2007. The Plaintiff
responds that he does not seek any damages for any discreet acts prior to his
termination, but only for what he would consider the ultimate discrimination of
termination of his employment. Plaintiff also cites to *National Railroad
Passenger Corp. v. Morgan*, 536 US 101, 113 (2003) for the proposition that's
evidence of such acts may be presented as background evidence in support of a
timely claim even if they are not compensable themselves. See also *Tobin v.
Liberty Mutual Insurance Co.*, 553 F.3rd 121, 142 (1st Circuit 2009).

        The court agrees with the Plaintiff's argument on this point, provided that
it is made clear to the fact finder that no damages are being sought, nor can
they be awarded for these background events. It will be the Defendant's
responsibility to make certain this is clear in any proposed instructions.

        With regard to the Defendant's argument concerning the insufficiency of
evidence, the court finds that there are many genuine issues of material fact

remaining as to whether the Defendant in fact preferred female account executives and ultimately terminated the Plaintiff based on his gender. For example, the failure of the Defendant to terminate the employment of two female employees for the same grounds that the Plaintiff was terminated raises an inference that the termination was gender based. This and other factual issues still in dispute indicate that this matter remains better suited for trial disposition.

The entry will be: Motion for summary judgment is DENIED.

The Clerk is directed to note this Judgment on the docket and it is incorporated by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: _____11/3/10_____

_____
S. Kirk Studstrup
Justice, Maine Superior Court

DECISION ENTERED UPON THE DOCKET: November 15, 2010